UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JONNIE BUTLER,

      Plaintiff,

v.                                       CASE NO. 3:15-cv-356-J-MCR

CAROLYN W. COLVIN, Commissioner
of the Social Security Administration,

      Defendant.
_____/

**ORDER**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her application for supplemental security income ("SSI"). Plaintiff initially alleged that she became disabled on January 31, 2003, but later amended her alleged disability onset date to October 4, 2010. (Tr. 13, 32, 248.) The assigned Administrative Law Judges ("ALJ") held hearings on February 24, 2012 and August 21, 2014, at which Plaintiff was represented by an attorney. (Tr. 30-96.)

The first hearing was before ALJ David Carstetter, who issued a decision on March 29, 2012, finding Plaintiff not disabled since October 4, 2010, the protective filing date. (Tr. 110-17.) The ALJ's March 29, 2012 decision was reversed and remanded by the Appeals Council on August 5, 2013. (Tr. 123-24.)

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Docs. 15, 18.)

ALJ Stephen Calvarese presided over the second administrative hearing on August 21, 2014, and issued a decision on November 13, 2014, which is presently under review. (Tr. 13-23, 30-77.) ALJ Calvarese also found Plaintiff not disabled since October 4, 2010. (Tr. 13-23.)

In reaching the decision, ALJ Calvarese found that Plaintiff had "the following severe impairments: seizure disorder, hypertension, obesity, low back and neck pain due to osteoarthritis, and status post ORIF right ankle." (Tr. 15.) The ALJ also found that Plaintiff had the residual functional capacity ("RFC") to perform a reduced range of medium work. (Tr. 17.)

Plaintiff is appealing the Commissioner's decision that she was not disabled since October 4, 2010. Plaintiff has exhausted her available administrative remedies and the case is properly before the Court. The Court has reviewed the record, the briefs, and the applicable law. For the reasons stated herein, the Commissioner's decision is **REVERSED and REMANDED**.

**I.   Standard**

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a

conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II.   Discussion

Plaintiff raises two issues on appeal. First, Plaintiff argues that the ALJ erred in relying on the testimony of the vocational expert ("VE"), which was provided in response to a hypothetical question that did not match the RFC assessment in terms of lifting/carrying limitations. Specifically, while the ALJ found that Plaintiff had the RFC to perform medium work, which by definition requires the ability to lift and carry up to 25 pounds frequently and 50 pounds occasionally, in his hypothetical question, the ALJ asked the VE to assume that Plaintiff could lift and carry up to 20 pounds frequently and 50 pounds occasionally. Based on this question, the VE identified three unskilled sedentary

jobs (addresser, order clerk, and document preparer) and one unskilled light duty job (housekeeper), on which the ALJ relied in reaching his decision. (Tr. 73-75.) Plaintiff argues that the ALJ either improperly framed the hypothetical question to the VE or mistakenly assigned a greater RFC than is supported by the evidence, but in any event, the error was not harmless as the VE did not testify that there were any medium jobs that Plaintiff could perform. Plaintiff's second argument is that the RFC assessment is not supported by substantial evidence because the ALJ did not state the weight assigned to Dr. Knox's opinions, misinterpreted Dr. Keiter's opinions in finding that Plaintiff did not have a severe mental impairment, and erred in failing to include Plaintiff's mental impairment in the RFC and the hypothetical question to the VE.

> The ALJ found that Plaintiff is capable of performing medium work except:
>
> [S]he has a poor ability to read, write, and use numbers. She can sit for 3 hours at a time and up to 7 hours during an 8-hour workday, stand for 1 hour at a time and up to 3 hours a day, and walk for 3 hours at a time and up to 5 hours with the use of a cane, though it is not medically necessary, in an 8-hour workday. She can frequently climb stairs/ramps/ladders/ropes/scaffolds, balance, stoop, kneel, crouch, and crawl. She should never operate foot controls with the right but can frequently with the left foot. She could tolerate frequent exposure to humidity, wetness, dust, gases, and fumes. She should avoid all unprotected heights, moving mechanical parts, operation of a motor vehicle, extreme heat/cold, and vibrations.

(Tr. 17.) In his hypothetical question, however, the ALJ asked the VE to assume that Plaintiff could "frequently lift up to 20 pounds, occasionally lift up to 50 pounds; same for carrying." (Tr. 72.) In other words, the hypothetical question

did not match the RFC assessment in terms of lifting/carrying limitations, and Plaintiff correctly points out that the VE was never asked about the existence of any medium jobs that Plaintiff could perform. As such, the VE's testimony does not constitute substantial evidence to support the ALJ's decision. *See Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007) (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)) ("In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.").

Defendant argues that this error is "harmless because the jobs the VE testified and the ALJ found Plaintiff could perform are sedentary and light jobs, none of which require lifting more than 20 pounds occasionally" and "[t]he agency's regulations specifically state that an individual who can perform medium work can also do sedentary and light work." (Doc. 21 at 6.) However, the VE was never asked about the existence of any medium jobs that Plaintiff could perform. The ALJ explicitly found that Plaintiff was capable of performing medium work without additional lifting/carrying limitations. The Court cannot speculate what the VE's answer could have been if the VE had been asked to assume that Plaintiff could lift and carry up to 25 pounds frequently and 50 pounds occasionally, as is required in medium jobs, considering Plaintiff's remaining limitations. This is not insignificant given that the Appeals Council had remanded the case so that the ALJ could obtain supplemental evidence from a

VE to clarify the effect of the assessed limitations on Plaintiff's ability to perform past relevant work and/or other work, and the Appeals Council explicitly stated that "[t]he hypothetical questions should reflect the specific residual functional capacity established by the record as a whole." (Tr. 124.) If the ALJ determined that the record supported an RFC for light work, as opposed to medium work, the ALJ needed to state this in the decision and provide the reasons therefor.

Based on the foregoing, the Court agrees with Plaintiff and holds that this error is not harmless and requires a remand. *See Nyberg v. Comm'r of Soc. Sec.*, 179 Fed. App'x 589, 592 (11th Cir. May 2, 2006) (per curiam) (rejecting a harmless error argument where the court would have to "re-weigh[] the evidence and engag[e] in conjecture that invades the province of the ALJ"); *see also Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) (per curiam) ("Because the 'misuse of the expert's testimony alone warrants reversal,' we do not consider the appellant's other claims.") (citing *Western v. Harris*, 633 F.2d 1204, 1207 (5th Cir. Unit A 1981)).

Since reversal and remand is required on the first issue, the ALJ should also consider all of Plaintiff's impairments in assessing her RFC, both severe and non-severe, including any mental impairments supported by the record (*see, e.g.*, Tr. 410 (diagnosing bipolar I disorder, polysubstance in slight remission, and borderline IQ, among others), 416-25 (diagnosing bipolar disorder, NOS, anxiety disorder with panic attacks, and polysubstance abuse/dependence), 425 (finding

moderate difficulties in maintaining social functioning and concentration, persistence, or pace), 427-28 (assessing several moderate limitations in mental functioning), 514 ("She needs to [follow up] with a psychiatrist. She still has no insurance at this time."), 550 ("Her depression is still present on the Paxil."), 555 ("Her symptoms might be related more to the bipolar disorder."), 558 ("Her depression is still not controlled with [the] 20 mg [P]axil."), 635 ("A recommendation to continue with her current medical treatment to address her symptoms of bipolar disorder is given."), 712 ("She is now very anxious despite taking [C]lonazepam and Prozac, particularly afraid to go to sleep."), 715 ("The Prozac is no longer controlling the depression. She has no insurance and can't afford to see a psychiatrist."), 717-18 (noting continuing depression and anxiety)).[2]  *See Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987) (per curiam) (stating that "the ALJ must consider the combined effects of a claimant's impairments in determining whether she is disabled"); *see also* 20 C.F.R. §§ 416.920(e), 416.945.  In addition, the ALJ should reconsider the medical opinions

---

[2] Curiously, while ALJ Carstetter found that Plaintiff had the severe impairments of bipolar disorder, anxiety disorder, depressive disorder, and substance addition disorder, among others (*see* Tr. 112), ALJ Calvarese did not find any of these disorders constituted a severe impairment in the second decision (*see* Tr. 15).  Also, while ALJ Carstetter found, as part of the RFC, that Plaintiff "is limited to simple, routine, repetitive work with 1-2 step instructions and must be in a stable work environment" and "is limited in her ability to interact socially and should maintain limited exposure to the general public during episodes of exacerbated symptoms" (Tr. 114), ALJ Calvarese did not impose any of these limitations as part of the RFC in the second decision, which is presently under review.

of record, state the weight accorded to these opinions, and the reasons therefor.

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g), with instructions to the ALJ to: (a) submit a complete and accurate hypothetical question to the VE, which includes all of Plaintiff's impairments; (b) consider and address all of Plaintiff's impairments in assessing the RFC, both severe and non-severe, including any mental limitations; (c) reconsider the medical opinions of record, state the weight accorded to these opinions, and the reasons therefor; (d) reevaluate Plaintiff's RFC assessment and determine what types of work, if any, Plaintiff can perform; and (e) conduct any further proceedings deemed appropriate.

2. The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions, and close the file.

3. In the event that benefits are awarded on remand, any § 406(b) or § 1383(d)(2) fee application shall be filed within the parameters set forth by the Order entered in *In re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1383(d)(2)*, Case No.: 6:12-mc-124-Orl-22 (M.D. Fla. Nov. 13, 2012). This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**DONE AND ORDERED** at Jacksonville, Florida, on September 8, 2016.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record